**William D. CHRISTOPHER, Petitioner,**

v.

**STATE OF FLORIDA, Respondent.**

No. 82–1293–Civ–JKL.

United States District Court,
S. D. Florida.

June 23, 1982.

William B. Taylor, IV, Asst. Atty. Gen., Dept. of Legal Affairs, Tampa, Fla., for petitioner.

Joseph L. Daye, Fort Lauderdale, Fla., for respondent.

ORDER GRANTING STAY

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon the application of the petitioner, William D. Christopher, for a stay of execution and for a writ of habeas corpus by person in state custody. The petitioner is presently scheduled to be executed on 29 June 1982, on or about 7:30 a. m.

This petition arises out of a conviction of the petitioner in state court on two counts of first degree murder and a subsequent judgment on the conviction imposing the death sentence. The petitioner appealed his conviction and sentence to the Supreme Court of Florida, which affirmed, *see Christopher v. State of Florida*, 407 So.2d 198 (Fla.1981), and applied for certiorari to the Supreme Court of the United States, which was denied. —— U.S. ——, 102 S.Ct. 1761, 72 L.Ed.2d 169 (1982).

It is within the authority of this Court to grant a stay. 28 U.S.C. § 2251. The petitioner has complied with the provisions of 28 U.S.C. § 2254(b) concerning the exhaustion of state remedies, and otherwise appears to be properly before this Court. After carefully considering the application of the petitioner, the Court does:

ORDER and ADJUDGE that a stay of execution must be granted. The Court does further:

ORDER and ADJUDGE that the Petitioner shall remain in the custody of the Superintendent of the Florida State Prison at Starke, Florida, pending further order of this Court. It is further:

ORDERED and ADJUDGED that the Clerk of the Court shall provide immediate telephonic notice to the Secretary of the Florida Department of Corrections; the Su-

perintendent of the Florida State Prison at Starke, Florida; to Jim Smith, the Attorney General for the State of Florida; and to Robert Graham, the Governor of the State of Florida, to the effect that the Petitioner's execution is stayed by Order of this Court. A certified copy of this Order shall be served upon these persons by the United States Marshal.

Petitioner contends, in part, that his due process rights have been violated as a consequence of the Florida Supreme Court's alleged practice of receiving ex parte information about petitioners for the purpose of reviewing appeals in capital cases. "Petition for Writ of Habeas Corpus by Person In State Custody," p. 3. This issue is presently under consideration by the Eleventh Circuit Court of Appeals in the case of *Ford v. Strickland* 676 F.2d 434 (11th Cir. 1982). *See also Brown v. Wainwright*, 392 So.2d 1327 (Fla.), cert. den. 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), the seminal case raising this issue. It would be improvident for this Court to deny a stay while such a significant component of the petitioner's claim is under consideration by the Eleventh Circuit Court of Appeals. Under the circumstances, this Court could not give the petitioner's claim the just consideration that it deserves.

Recent precedent fully supports this Court's position. The case of *Goode v. Wainwright, et al.*, 670 F.2d 941 (11th Cir. 1982), stands for the proposition that a stay should be issued pending the resolution of an issue central to a petitioner's appeal. Two Middle District of Florida district court judges granted stays in capital cases raising similar issues. *See Palmes v. Wainwright*, Case No. 82–583–Civ–J–JM (June 11, 1982) and *Straight v. Wainwright*, Case No. 82–607–Civ–J–JHM (June 15, 1982). In addition, Judge William Hoeveler recently granted a stay of execution in a capital case, finding that the pending consideration of the *Ford v. Strickland* issue by the Eleventh Circuit constitutes, in and of itself, a sufficient basis for a stay. *Johnson v. Wainwright*, Case No. 82–875–TCA (May 14, 1982).

In summary, this Court is compelled to grant a stay pending the disposition of *Ford v. Strickland, supra.*