David Robert IACOVETTI, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 76–1256
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 12, 1976.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Joel D. Robrish, Coconut Grove, Fla., Wallace Musoff, Barry D. Gordon, New York City, for petitioner-appellant.

Robert W. Rust, U. S. Atty., Gary Betz, Sp. Atty., Miami Strike Force, Miami, Fla., Dennis A. Winston, Atty., Dept. of Justice, T. George Gilinsky, Jerome M. Feit, App. Sect., Crim. Div., Washington, D. C., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Defendant Iacovetti filed a Motion to Vacate Sentence pursuant to 28 U.S.C.A. § 2255. The district court denied the motion without an evidentiary hearing. As grounds for relief on appeal, defendant argues two points: error in denying an evidentiary hearing to determine if the Government suppressed favorable evidence, and failure to disclose the presentence report. We affirm.

Iacovetti was convicted by a jury of conspiracy, 18 U.S.C.A. § 371, and of receiving, selling and disposing of stolen securities moving in interstate commerce, 18 U.S.C.A. § 2315 and § 2. He was sentenced to 10 years imprisonment. This Court affirmed on direct appeal. *United States v. Iacovetti,* 466 F.2d 1147 (5th Cir. 1972), *cert. denied,* 410 U.S. 908, 93 S.Ct. 963, 35 L.Ed.2d 270 (1973).

Defendant first argues that an evidentiary hearing should have been granted to determine if the Government wrongfully suppressed favorable evidence. This alleged favorable evidence involved a codefendant, Lipsky, whose trial was severed from defendant's. Lipsky later pleaded guilty. When called as a defense witness for Iacovetti, Lipsky invoked the Fifth Amendment. Nevertheless, defendant introduced Lipsky's grand jury testimony. This testimony indicated that Lipsky had never met Iacovetti at the times in question and directly contravened the testimony of Vincent Teresa, the main witness for the Government. Interwoven within defendant's argument is the inference that the Government acted underhandedly in securing Lipsky's severance and a plea bargain agreement not to testify for defendant.

We agree with the district court that this speculative testimony would, at best, be merely cumulative. Lipsky told at least three different stories. His grand jury testimony was subsequently found to be perjured. In his second version, Lipsky again exculpated defendant while in the third, Iacovetti was implicated in the crime. The jury had before it Lipsky's favorable testimony for defendant. Further favorable evidence from Lipsky would have been cumulative and not likely to affect the jury. *Cf. United States v. Littlepage,* 465 F.2d 63, 63–65 (5th Cir. 1972).

The contention that the Government acted wrongly in suppressing evidence is merely conclusory and unsupported by any factual basis. Under such circumstances no hearing is required. *See Rodriguez v. United States,* 473 F.2d 1042, 1043 (5th Cir. 1973); *Chapman v. United States,* 472 F.2d

117, 118 (5th Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692 (1973).

Finally, defendant argues the trial judge failed to disclose the presentence report and as a result relied on erroneous information in sentencing Iacovetti. Disclosure of a presentence report rests within the discretion of the trial court. *United States v. Horsley,* 519 F.2d 1264, 1266 (5th Cir. 1975); *United States v. Murphy,* 497 F.2d 126, 127 (5th Cir. 1974). The instant case arose before the 1975 revision to Rule 32(c)(2) of the Federal Rules of Criminal Procedure which controlled disclosure of presentence reports. We do not in this case have to decide whether there should have been disclosure. It appears from the record that the trial judge voluntarily offered to disclose the report but defendant did not avail himself of the opportunity. He should not be now heard to complain. *United States v. Warren,* 432 F.2d 772, 773 (5th Cir. 1970); *Roeth v. United States,* 380 F.2d 755, 757 (5th Cir. 1967), *cert. denied,* 390 U.S. 1015, 88 S.Ct. 1266, 20 L.Ed.2d 165 (1968). Moreover, the trial court stated in its order that it did not rely on the alleged erroneous information. There was no error here.

AFFIRMED.