354 So.2d 1233 (1978)
Warren W. BOHN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-172.
District Court of Appeal of Florida, Third District.
January 31, 1978.
*1234 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and KEHOE, JJ.
PER CURIAM.
Defendant, Warren Bohn, appeals the summary denial of his motion to vacate judgment and sentence pursuant to Fla.R. Crim.P. 3.850.
In a negotiated guilty plea to second degree murder, Bohn received a prison sentence of 25 years. Subsequently, he filed the instant motion to vacate attacking his judgment and sentence on the following grounds: (1) the sentencing judge failed to find a factual basis to support the guilty plea; (2) he did not plead guilty; (3) the presentence investigation report contained errors in that it listed a prior felony when, in fact, there was no felony because he was a juvenile at the time of commission, thus this information was to be suppressed; (4) the police report contained fabrications and distortions; and (5) the court erred in declaring him partially indigent for costs when, in fact, he was totally indigent. The judge who sentenced Bohn also considered the motion to vacate and then summarily denied it for the reasons that the record affirmatively showed that Bohn pled freely and voluntarily with the aid and consultation of counsel and the evidence admitted at the guilty plea proceedings affirmatively showed that there was a basis in fact to support the plea of guilty. The judge further found that the motion to vacate was insufficient in substance to support the prayed for relief.
The established law is that the trial court need not conduct a hearing on the merits when the grounds of the motion to vacate are totally insufficient or are refuted by the record after the required examination thereof. State v. Weeks, 166 So.2d 892 (Fla. 1964); Maisonave v. State, 171 So.2d 443 (Fla.3d DCA 1965).
Examining Bohn's motion to vacate in light of the above principles of law, we find that grounds 1, 2 and 5 are clearly refuted by the record. Turning next to the remaining grounds 3 and 4, we note that these allegations are unsupported as the reports are not attached to the motion and there are no affidavits of anyone who read the reports to the effect that they are erroneous or distorted. See Stringer v. State, 246 So.2d 136 (Fla. 4th DCA 1971). In addition, a reading of the transcript of the sentencing hearing reflects that the judge was aware that Bohn had no previous convictions, and there was no mention of any prior convictions. Last, the same judge who adjudicated Bohn guilty and imposed *1235 sentence upon him denied the subject motion to vacate, and implicit in the denial was the fact that any errors in the presentence report and/or in the police report did not influence him when he imposed the sentence upon Bohn. Cf. Iacovetti v. United States, 534 F.2d 1189, 1191 (5th Cir.1976).
Affirmed.