449 So.2d 1283 (1984)
David Livingston FUNCHESS, Appellant/Petitioner,
v.
STATE of Florida, Appellee/Respondent.
David Livingston FUNCHESS, Petitioner,
v.
Louie L. WAINWRIGHT, etc., et al., Respondents.
Nos. 62870, 62748.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 24, 1984.
Andrew A. Graham, Melbourne, for appellant/petitioner.
*1284 Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Miami, for appellee/respondents.
ADKINS, Justice.
We have before us an appeal from the denial of a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We also have a petition for a writ of habeas corpus which is based on a claim of ineffective assistance of appellate counsel. We have jurisdiction. Art. V, § 3(b)(1), (7) and (9), Fla. Const.
This death penalty case has been before us on three prior occasions: a direct appeal from Funchess' 1975 conviction of two counts of murder in the first degree and consecutive sentences of death, affirmed in Funchess v. State, 341 So.2d 762 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977); an order remanding the case to the trial court for resentencing without an advisory jury proceeding pursuant to Gardner v. Florida 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), Funchess v. State, 367 So.2d 1007 (Fla. 1979); and on appeal following resentence of death, affirmed in Funchess v. State, 399 So.2d 356 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981).
On June 23, 1982, Governor Bob Graham signed Funchess' death warrant. Shortly thereafter a proceeding was filed by Funchess, in federal district court, seeking relief from the sentence. Following entry of a stay of execution and pursuant to an order of that court, Funchess was required to exhaust certain claims in the state court system which were then unexhausted.
On October 14, 1982, Funchess filed a motion for post-conviction relief before the trial court. An evidentiary hearing was held before that court. At the hearing, three witnesses testified and sixty pages of testimony and arguments were taken and transcribed. On October 27, 1982, the trial court rendered its order denying the motion for post-conviction relief. This appeal followed.
Contemporaneously with the filing of the rule 3.850 motion below, Funchess filed a petition for a writ of habeas corpus in this Court raising separate issues not justiciable by the court below. Funchess then moved to consolidate both proceedings and this Court granted his motion.
The facts of the crime are set forth in 341 So.2d 762. They need not be repeated here.

Rule 3.850 Appeal
In Funchess' rule 3.850 motion he urged four grounds for his challenge: 1) that he did not receive effective assistance of counsel at the sentencing proceeding in 1975; 2) that the sentencing instruction precluded the sentencing jury from considering known statutory mitigating circumstances; 3) that the death penalty may not be applied to his case and sentence since he was not found guilty of premeditated murder; 4) that trial counsel at resentencing in 1979 was ineffective. The second and third grounds stated are issues which either were or could have been addressed at trial or on direct appeal. Those issues are not subject to collateral attack and were properly dismissed below. Demps v. State, 416 So.2d 808, 809 (Fla. 1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980), cert. denied, 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983); Adams v. State, 380 So.2d 423, 424 (Fla. 1980).
In Funchess' claim of ineffective assistance at the penalty phase he alleges the following omissions and errors: 1) failure to investigate and present to the jury evidence of the defendant's psychiatric disturbances, his history of childhood abuse and his heavy use of heroin as a result of a war injury; 2) failure to present to the jury his desperate economic and personal conditions; 3) failure to present any evidence of any kind at the sentencing hearing; 4) failure to object to numerous instructional errors during the penalty phase.
Based on the entire trial record as well as the testimony and evidence presented at the hearing, the trial judge made the following findings all of which we agree with: 1) that trial counsel rendered effective assistance of counsel pursuant to Knight v. State, 394 So.2d 997 (Fla. 1981); 2) that trial counsel knew of the defendant's medical *1285 history, family problems and use of drugs and determined that, based on their trial strategy of maintaining his innocence, it would not be beneficial to bring this information to the attention of the sentencing jury; 3) that there was no error involved in counsel's failure to object to certain jury instructions because they either were not error requiring an objection or the later changes in the law which made them error could not be anticipated. See Meeks v. State.
The defendant has failed to meet his burden of alleging and establishing grounds for relief and of establishing that these grounds resulted in prejudice to him. See Meeks, 382 So.2d at 675. We find, as did the court below, that there was no specific act or omission by the trial counsel or the resentencing counsel which would constitute a deficiency measurably below the performance expected of competent counsel. See Knight v. State.

Habeas Corpus Petition
Funchess contends that he had ineffective assistance of counsel during his direct appeal from conviction and sentence. He bases this assertion on five perceived failings of his trial counsel. All five stem from purported improper instructions given to the jury at the first sentencing proceeding. They are as follows: A) the trial judge erroneously instructed the jury that the aggravating and mitigating circumstances must be proved beyond a reasonable doubt; B) the trial judge erroneously instructed the jury that death is presumed to be the proper sentence unless it or they (aggravating circumstances) are overriden by one or more of the mitigating circumstances; C) the trial judge failed to define the "no significant history of prior criminal activity" mitigating circumstance; D) trial judge failed to limit the jury's consideration of the "especially heinous, atrocious, or cruel aggravating circumstance"; E) the trial court erred by allowing the jury to consider duplicative aggravating circumstances, including murder during the course of robbery and pecuniary gain, and murder during the course of robbery and avoiding arrest.
We addressed contentions A, B and D in Funchess' direct appeal from resentencing and rejected them. 399 So.2d at 356. The claims being without merit, we cannot find fault with appellate counsel for not raising them at Funchess' first direct appeal from conviction and sentence.
The first portion of contention E concerning the doubling of the "for pecuniary gain" factor with the "in the course of a robbery" factor need not be discussed at length. Although appellate counsel did not raise that point in his brief on the first direct appeal, the two factors were merged by the trial judge at resentencing and therefore, there is no error remaining to prejudice Funchess. The second part of contention E, claiming a doubling by finding both the circumstances of commission in the course of robbery and to avoid arrest, stems from Funchess' claim that this is impermissible because the trial court theorized each aggravating circumstance on the same aspect of the crime. We find this argument to be totally without merit. The trial court can apply more than one aggravating circumstance to a single crime of murder which stems from a robbery as long as the facts support such an application as they did in this case.
Funchess' claim that the trial judge failed to define the "no significant history of prior criminal activity" mitigating circumstance was raised by appellate counsel at the first direct appeal. Although not worded exactly as here, counsel challenged the conclusion by the trial court that Funchess had a significant history of prior criminal activity. We found this challenge to be without merit along with the other six points of error claimed by counsel on appeal. 341 So.2d at 763. Section 921.141(6)(a), Florida Statutes (1981), states as a mitigating circumstance "the defendant has no significant history of prior criminal activity." The trial judge acted properly in stating this just as the statute reads. Straight v. Wainwright, 422 So.2d 827, 830 (Fla. 1982). We have never required that any particular definition of this circumstance be given.
*1286 Funchess also claims that he had ineffective assistance of counsel on appeal from the reimposed sentence of death. His first contention under this claim is that there was no proof or findings at the petitioner's resentencing hearing that he was guilty of premeditated murder and therefore the death penalty cannot be applied and counsel should have argued this point on appeal. He bases this contention on Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). Funchess has misapprehended Enmund. In that case the Court determined that the eighth amendment does not permit the death penalty to be imposed "on one such as Enmund who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be used." Enmund, 458 U.S. at 797, 102 S.Ct. at 3376. In the instant case Funchess himself committed the murders and therefore, Enmund does not apply.
Funchess' second contention under this claim is that two aggravating circumstances found by the court at the second sentencing were duplicative because they were based on the same aspect of the crime. These circumstances were "murder committed in the course of a robbery" and "murder committed to avoid lawful arrest." He claims that his counsel erred in not raising this issue on appeal. We addressed this point in our discussion of Funchess' claim of ineffective assistance of counsel at his first direct appeal and found it to be without merit. His counsel was not ineffective when he failed to raise a meritless claim.
We have reviewed the briefs submitted by Funchess' counsel for his first direct appeal as well as those submitted by his counsel for the appeal from his resentencing. We find that Funchess either: 1) has failed to demonstrate any error on the part of appellate counsel; 2) has failed to demonstrate performance measurably below that expected of competent counsel or; 3) has failed to demonstrate a substantial error likely to have affected the outcome of the appeal. See Armstrong v. State, 429 So.2d 287 (Fla. 1983); Knight v. State.
We find that Funchess is not entitled to relief. Therefore, we deny the petition for writ of habeas corpus.
We find no error on the part of the trial judge in denying the rule 3.850 motion. We affirm the judgment of the court below.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.