399 So.2d 356 (1981)
David Livingston FUNCHESS, Appellant,
v.
STATE of Florida, Appellee.
No. 47828.
Supreme Court of Florida.
April 2, 1981.
Rehearing Denied June 30, 1981.
Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski and Charles W. Musgrove, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
David Livingston Funchess was tried and convicted of two counts of murder in the first degree and was sentenced to death in trial court proceedings affirmed by this Court.[1] Following a subsequent United States Supreme Court decision in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), we vacated Funchess' death sentences and remanded his case to the trial court for resentencing without an advisory jury proceeding.[2]
On remand, an evidentiary hearing was conducted by the trial court at which Funchess presented evidence in mitigation of his sentences. Nonetheless, the trial court in due course entered an order again sentencing Funchess to death, following which Funchess brought this case to us for review.
Funchess makes a number of legal attacks on the propriety of instructions given to the jury at the sentencing proceeding of his first trial, arguing that the order remanding for so-called "Gardner relief" should have included a mandate for reconvening an advisory jury. We reject all of these contentions. The purpose for our remand was to comply with the dictates of the United States Supreme Court in Gardner v. Florida; it was not to provide an entirely new sentencing proceeding at which a new advisory jury could be reconvened. Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). Complying with our mandate, the trial court properly rejected all legal points raised by Funchess' counsel.
The only proper question now presented is whether there is substantial competent evidence to support the express findings of the trial judge that sentences of *357 death are appropriate for Funchess. We are satisfied from our review of the evidence presented at the resentencing procedure, and from the record of the original sentencing proceeding: first, that the trial judge properly performed his weighing function with respect to the one new mitigating circumstance developed at the resentencing proceeding and the aggravating factors which had been established at the original proceeding (all but one of which were unchallenged on remand); and second, that there was substantial and competent evidence to support the findings of the trial judge with respect to the aggravating and mitigating circumstances articulated in his resentencing order.
The dictates of Gardner v. Florida have been faithfully met by the trial court in this case, and sentences of death were properly imposed. We affirm the trial court's new death sentences.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] Funchess v. State, 341 So.2d 762 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977).
[2] Funchess v. State, 367 So.2d 1007 (Fla. 1979).