670 F.2d 941
 Arthur F. GOODE, III, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of
Offender Rehabilitation, and C. S. Strickland,
Superintendent, Florida State Prison at
Starke, Florida, Respondents-Appellees.
 No. 82-5244.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 28, 1982.
 
 Wilbur C. Smith, III, Fort Meyers, Fla., for petitioner-appellant.
 Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 Petitioner is under sentence of death in Florida for first degree murder and is scheduled to be executed March 2, 1982, pursuant to a death warrant signed by the Governor of Florida on February 5, 1982.
 
 
 2
 The United States District Court for the Middle District of Florida denied a writ of habeas corpus February 25, 1982, granted a certificate of probable cause for appeal, and denied a stay of execution. Petitioner appealed to this court the same day and moved for a stay of execution.
 
 
 3
 Under the laws of our country petitioner is given the right to seek review in the federal courts of claims based upon our national Constitution and arising from his state court conviction. If he is denied relief in the federal district court the law gives him the right to appeal.
 
 
 4
 There are sharply differing views over whether our law ought to provide that one convicted of crime in state court may obtain a second "collateral" review in federal courts of constitutional issues arising from his conviction. But the law of our country does provide for it, and federal court judges take an oath to carry out that law.
 
 
 5
 The petitioner has not abused the processes that our law makes available to him in the federal courts. His claims could not be presented in federal court until they had been presented to and denied by the courts of Florida; some were finally denied in state court litigation as late as November 1981,[1] while others were denied as late as February 23, 1982. Petitioner filed his federal petition for habeas corpus in the Middle District of Florida on February 16, eleven days after the death warrant was signed. The district court conducted a non-evidentiary hearing February 23, and on February 25 issued a 25-page opinion denying the writ, granting a certificate that there was probable cause for appeal, and denying a stay of execution.[2]
 
 
 6
 The same day, February 25, petitioner appealed to this court. Appeal papers reached the members of the panel February 26.
 
 
 7
 The appeal to this court is not frivolous. Several of the issues raised are substantial. One of the issues is a serious and difficult one, namely, whether the Supreme Court of Florida, in reviewing petitioner's appeal from conviction, violated due process under the United States Constitution by receiving and considering psychological screening information concerning petitioner that was not a part of the record before it.[3] This issue has been raised in other Florida cases and has been decided by federal district courts in Florida but not by any federal appellate court. It is now pending before this court in a Florida case, Ford v. Wainwright, No. 81-6200 (11th Cir., filed Dec. 7, 1981) (on appeal from S.D. Fla.), an expedited case that was orally argued and submitted for decision in this court February 9, 1982. Possibly the district judge was not made aware of the status of the Ford appeal. However, in deciding the issue we have described the district judge relied upon and specifically adopted the decisions on the same issue in two other cases from federal district courts in Florida, Witt v. Wainwright, No. 80-545 (memorandum opinion, M.D.Fla., May 14, 1981), appeal pending, No. 81-5750 (11th Cir.), and Foster v. Wainwright, 517 F.Supp. 597, 607 (N.D.Fla.1981), appeal pending, No. 81-5734 (11th Cir.). Witt is from the same court as the present case, the Middle District of Florida. Both Witt and Foster have been on appeal to this court for several months, have been consolidated for consideration, and briefs have been filed in one and briefing is in process in the other.[4] The district court erred in denying a stay when the very decisions on which it based its determination of this issue were pending on appeal.
 
 
 8
 Petitioner was convicted of a horrifying murder. Nevertheless, the law requires that his trial and appeal comply with the Constitution of the United States, and when the matter is properly presented to us-as it is in this case, by assertion of non-frivolous issues that are not foreclosed by the state court processes-the law requires us to examine to see whether his trial and appeal did measure up to constitutional standards.
 
 
 9
 The motion for a stay of execution must be, and is, GRANTED. The case will be expedited.
 
 
 
 [1]
 When the Supreme Court of the United States denied certiorari in Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, --- U.S. ----, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981)
 
 
 [2]
 Petitioner had filed a petition with the Supreme Court of Florida on February 11 based on federal constitutional grounds not previously presented to the state courts. That court denied this petition, with an opinion, on February 23, the same day the federal district court was conducting its hearing and two days before the district court rendered its decision
 
 
 [3]
 This point was raised in Brown v. Wainwright, 392 So.2d 1327 (Fla.1981). We neither indicate nor imply any view on the merits of the point, but only note that it is a substantial issue. The Supreme Court denied certiorari, --- U.S. ----, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), but two justices dissented from the denial, saying:
 I believe that the Florida court's ex parte consideration of such nonrecord evaluative data relating to individual appellants during the court's review is questionable as a matter of due process and is inconsistent with this Court's past insistence on strict procedural regularity in the imposition and review of capital sentences. See Gardner v. Florida, 430 U.S. 349, 51 L.Ed.2d 393, 97 S.Ct. 1197 (1977). Moreover, much of the information appears to be inadmissible and unreliable hearsay, which petitioners should at least have the opportunity to cross-examine. Some may be inadmissible under this Court's recent decision in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Accordingly, I dissent.
 Id. --- U.S. at ----, 102 S.Ct. at 543, 70 L.Ed.2d at 408.
 
 
 [4]
 Moreover, the same issue is pending in this court in Dobbert v. Strickland, No. 82-5121, also from the Middle District of Florida, in which on February 1 this court had entered an order granting a stay and expediting the case for oral argument