**David Livingston FUNCHESS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Dept. of Offender Rehabilitation, et al., Respondents-Appellee:**

No. 84–3847.

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1985.

Rehearing and Rehearing En Banc Denied Oct. 23, 1985.

---

Roney, Circuit Judge, filed specially concurring opinion.

Johnson, Circuit Judge, filed dissenting opinion.

Andrew A. Graham, Reinman, Harrell, Silberhorn, Moule & Graham, Melbourne, Fla., for petitioner-appellant.

Carolyn M. Snurkowski, Richard E. Doran, Asst. Attys. Gen., for respondents-appellees.

Before RONEY, FAY and JOHNSON, Circuit Judges.

FAY, Circuit Judge:

In 1975, appellant David Funchess was convicted in Florida on two counts of first degree murder. He was given the death sentence on each count. After seeking relief from the state courts, appellant filed a petition for writ of habeas corpus in the Federal District Court for the Middle District of Florida. The district court denied the requested relief. On appeal, Funchess raises the following issues: (1) the use of nonrecord material by the Florida Supreme Court in affirming Funchess' conviction and sentence; (2) ineffective assistance of counsel at the penalty phase of the trial; (3) the trial court's reimposition of the death penalty without the benefit of a second jury advisory opinion; (4) failure of the trial court and the Florida Supreme Court to discuss or find that certain non-statutory mitigating circumstances existed; (5) fail-

ure of the trial court and the Florida Supreme Court to find that certain statutory mitigating circumstances existed; and (6) ineffective assistance of counsel on appeal. We affirm.

## I. COURSE OF PROCEEDINGS

In May, 1975, a Florida jury convicted the appellant, David Funchess, on two counts of first degree murder for the stabbing deaths of Anna Waldrop and Clayton Ragan.[1] The jury subsequently returned an advisory sentence of death as to each count. The trial judge concurred and Funchess was sentenced to two consecutive sentences of death.

On direct appeal, the Florida Supreme Court affirmed the convictions and sentences. *Funchess v. State*, 341 So.2d 762 (Fla.1976) (hereinafter *Funchess I*). The appellant's subsequent petition for writ of certiorari was denied by the United States Supreme Court in October of 1977. *Funchess v. Florida*, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977).

In 1979, pursuant to the Supreme Court decision in *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), Funchess' death sentences were vacated and remanded by the Florida Supreme Court to the trial court for resentencing. *Funchess v. State*, 367 So.2d 1007 (Fla. 1979) (hereinafter *Funchess II*). After a hearing on the *Gardner* issue, the trial court reimposed a sentence of death for each count. The reimposition of the death sentences was affirmed by the Florida Supreme Court in *Funchess v. State*, 399 So.2d 356 (Fla.1981) (hereinafter *Funchess*

*III*), and a petition for writ of certiorari was subsequently denied by the United States Supreme Court. *Funchess v. Florida*, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981).

Appellant's first petition for writ of habeas corpus was filed in federal district court in July, 1982. Funchess' initial petition raised an issue which was currently pending before our court en banc,[2] and also contained exhausted and non-exhausted claims. Consequently, the district court issued an order requiring appellant to exhaust those claims which had not been previously exhausted, and, pursuant to *Goode v. Wainwright*, 670 F.2d 941 (11th Cir. 1982) (error for district court to deny stay of execution when constitutional issue raised by petitioner is being considered by a federal appellate court), ordered a stay of execution. Appellant thereafter filed in state circuit court a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 (hereinafter "3.850 Motion"). The requested relief was denied and Funchess appealed that denial to the Florida Supreme Court. In conjunction with that appeal, appellant filed a petition for writ of habeas corpus. In *Funchess v. State*, 449 So.2d 1283 (Fla. 1984) (hereinafter *Funchess IV*), the Florida Supreme Court affirmed the denial of appellant's 3.850 Motion and denied his petition for habeas corpus relief. Funchess' petition for rehearing was likewise denied by that court.

Funchess subsequently filed an amended petition for writ of habeas corpus in federal district court. The district court denied that petition in November, 1984, and the

---

**1.** Funchess' two victims were fatally stabbed by Funchess while he was in the course of robbing Avondale Liquors in Jacksonville, Florida. A third victim was also stabbed and remains comatose as a result. According to the trial judge, "[t]hese are truly some of the most senseless, heinous and horrible murders that have ever taken place in the City of Jacksonville." *See Funchess I*, 341 So.2d at 763. The evidence adduced against Funchess at trial was substantial, and, in an effort to establish remorse as a mitigating factor at resentencing, the appellant admitted his guilt. Any further elaboration of the facts is unnecessary to resolve this appeal.

**2.** Among the seven grounds for relief in the first petition for writ of habeas corpus was the issue of whether it was proper for the Florida Supreme Court to review nonrecord material in connection with Funchess' appeal of his conviction and death sentences. At the time appellant's sentences of death were scheduled to be imposed, the same issue was pending on appeal before the Eleventh Circuit. This issue was resolved by this court's decision in *Ford v. Strickland*, 696 F.2d 804 (11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). *See* Section II, *infra*.

stay of execution was lifted. Funchess thereafter appealed to this court.

## II. NONRECORD MATERIAL BEFORE THE FLORIDA SUPREME COURT

 Funchess argues on appeal that the Florida Supreme Court's practice of requesting and receiving *ex parte* information concerning defendants in pending capital appeals, without notice to appellants or their attorneys, is unconstitutional.

In *Brown v. Wainwright*, 392 So.2d 1327 (Fla.), *cert. denied*, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), Funchess and 122 other Florida death row inmates sought class relief on a direct petition for writ of habeas corpus challenging the Florida Supreme Court's use of such nonrecord materials. The Florida Supreme Court held that while state law did not permit the use of nonrecord materials in appellate review, such materials had not been used as petitioners claimed in contravention of state law.

After the Florida Supreme Court's decision in *Brown*, a Florida death row inmate who was among the class of inmates denied relief in *Brown* petitioned the federal district court for a writ of habeas corpus. The inmate's petition again challenged the alleged use of nonrecord material by the Florida Supreme Court. The district court denied relief and a panel of this court affirmed. *Ford v. Strickland*, 676 F.2d 434 (11th Cir.1982). Subsequently, a rehearing *en banc* was granted to examine several recurring issues raised in habeas corpus petitions filed by Florida death row inmates. In *Ford v. Strickland*, 696 F.2d 804 (11th Cir.) (en banc), *cert. denied*, — U.S. —, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983), we held that the Florida Supreme Court's decision in *Brown* denying habeas corpus relief to that class of death row inmates of which petitioner was a member was dispositive of the inmate's claim that *ex parte* materials were being used unconstitutionally. Funchess was also a member of that class of inmates seeking relief in *Brown*. Accordingly, we hold that *Brown* was likewise dispositive of Funchess' claim

regarding nonrecord materials. *See e.g., Hitchcock v. Wainwright*, 745 F.2d 1332, 1342 (11th Cir.1984); *Dobbert v. Strickland*, 718 F.2d 1518, 1521 (11th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984).

## III. INEFFECTIVE ASSISTANCE— PENALTY PHASE

Appellant contends that he was denied effective assistance of counsel during the penalty phase of his trial. Specifically, Funchess argues that his attorney's performance was deficient for the following reasons: (1) failure to present evidence of statutory and non-statutory mitigating factors; (2) failure to object to erroneous jury instructions; (3) failure to object to the application of duplicitous aggravating circumstances by the trial court.

### A. *The Applicable Standard*

 In order to prevail on a claim of ineffective assistance of counsel, the appellant must show that his attorney's performance was deficient, and that the deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *King v. Strickland*, 748 F.2d 1462 (11th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 2020, 85 L.Ed.2d 301 (1985). In establishing prejudice, appellant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Washington*, 104 S.Ct. at 2068; *King*, 748 F.2d at 1463. This standard of effectiveness applies equally to both the guilt and sentencing phase of the trial. *Washington*, 104 S.Ct. at 2068; *King*, 748 F.2d at 1463. Consequently, to prevail on a claim of ineffective assistance of counsel at the sentencing phase, the appellant "must show that without the error[s], there is a reasonable probability that 'the balance of aggravating and mitigating circumstances did not warrant death.'" *Id.* (*quoting Washington*, 104

S.Ct. at 2068). With this standard in mind, we now turn to appellant's arguments regarding alleged deficiencies in his counsel's performance.

## B. *Mitigating Circumstances*

Appellant argues that trial counsel was ineffective in failing to present evidence regarding certain statutory and non-statutory mitigating circumstances.

■ In regard to statutory mitigating factors, Funchess claims that there was evidence available to support the fact that at the time the crimes were committed he was suffering from extreme mental and emotional disturbance. *See* Fla.Stat. § 921.141(6)(b) (1985 Supplement). Appellant argues that counsel should have investigated and presented this evidence, and he notes that at the second sentencing proceeding, the trial court found that this mitigating circumstance did in fact exist.

The record, however, indicates that Funchess never told his attorney of any past psychological problems. R. 3.850 Hearing at 13. In addition, Funchess' psychological evaluation prior to trial indicated that he was competent to stand trial and was competent at the time the murders were committed. There was nothing in that evaluation to cause appellant's trial attorney to even suspect that Funchess might have a past history of psychological problems. Moreover, counsel for Funchess stated that appellant acted competently in assisting him with the preparation of the case for trial. Clearly there was nothing to put Funchess' attorney on notice that this possible mitigating factor warranted further investigation. In fact the most recent evidence pertaining to this issue, the psychological evaluation report, obviously discouraged Funchess' attorney from pursuing this matter further. Given these factors, we agree with the district court that trial counsel cannot be faulted for not investigating this matter further. *Cf. Collins v. Francis*, 728 F.2d 1322, 1349 (11th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 361, 83 L.Ed.2d 297 (1984) (counsel not ineffective for failing to investigate witnesses in mitigation when defendant failed to make their presence known to counsel).[3]

■ In regard to non-statutory mitigating circumstances, Funchess contends that evidence should have been introduced regarding his past history of childhood abuse, economic hardships, and his heavy but "medicinal" use of heroin.[4] The record indicates, however, that at this point in the sentencing proceeding, counsel was still unequivocally maintaining his client's innocence.[5] In light of this strategy, it was

---

**3.** Even had we agreed with appellant that counsel's performance was deficient because he did not investigate and present evidence regarding this mitigating factor, it is doubtful that Funchess could have established prejudice as required under the second prong of *Washington,* 104 S.Ct. 2052. This is so because the trial court found in the second sentencing proceeding that the mitigating circumstance concerning mental and emotional disturbance did exist. Thus, this mitigating factor was ultimately weighed in Funchess' favor in deciding in accordance with Florida law that the death penalty was the appropriate sentence in this case.

**4.** There is some question as to whether Funchess ever advised his attorney of any past child abuse or extraordinary financial or personal problems. Funchess maintains that he did mention this. *See* R. 3.850 Hearing at 13–14. To the contrary, however, appellant's trial attorney, Steven Rohan, testified that he did not discuss this matter at all, either with Funchess or with any members of his family. *Id.* at 35.

**5.** Funchess' attorney, Rohan, testified in regard to this matter during the hearing on appellant's 3.850 Motion. In regard to the strategy employed at the initial sentencing phase, Rohan testified as follows:

> Our defense at that time was unequivocally that he was not guilty.... [M]y preparation for a sentencing hearing was based on the fact ... that we were proceeding on a not guilty assumption, and I was not about to give any confessions toward guilt at the sentencing hearing.

> Our position was not guilty, and it was not guilty all the way, and I can tell you ... that I was in no way going to give any indication of guilt at any time in this case.
> It's my position and my belief that if you take a not guilty position then you ought to take it all the way.

R. 3.850 Hearing at 34–38.

reasonable for counsel to elect not to present evidence regarding mitigating factors which imply guilt but which attempt to excuse that culpable conduct. A strategic decision made by counsel after a reasonable investigation into the alternatives deserves deference by the courts, *Washington*, 104 S.Ct. at 2065–66; *King*, 748 F.2d at 1463, and under this set of facts, we are not prepared to say that counsel's decision on this matter was unwise.[6]

## C. *Jury Instructions*

■ Appellant argues that counsel was ineffective at sentencing for failing to object to the court's instruction that "mitigating circumstances must be proved beyond a reasonable doubt." R.Vol. 3 at 500. It is not altogether clear, however, that this instruction is improper under the Florida death penalty scheme. Appellant has not directed us to, nor have we found, any authority which directly supports or negates this charge.[7]

We are not without some guidance, however, as the Florida Supreme Court has twice considered and rejected Funchess' argument on this same issue. On direct appeal from resentencing, the Florida Supreme Court concluded, albeit without any detailed discussion of the issues, that the assigned errors were without merit. *Funchess III*, 399 So.2d 356. Subsequently, the

instruction was again challenged by Funchess in his petition for habeas relief which accompanied his appeal from the denial of his 3.850 Motion. In *Funchess IV*, the Supreme Court of Florida stated:

> Funchess contends that he had ineffective assistance of counsel.... He bases this assertion on five perceived failings of his trial counsel. All five stem from purported improper instructions given to the jury at the first sentencing proceeding. They are as follows: A) the trial judge erroneously instructed the jury that the aggravating and mitigating circumstances must be proved beyond a reasonable doubt; ....
>
> We addressed [contention] A ... in Funchess' direct appeal from resentencing and rejected [it]. 399 So.2d at 356. The [claim] being without merit, we cannot find fault with ... counsel....

*Funchess IV*, 449 So.2d at 1285.

It thus appears to this court that the Florida Supreme Court has approved the challenged instruction. In the absence of a constitutional challenge to the instruction, we defer to the Florida Supreme Court's interpretation of that state's death penalty statute. *See Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (state supreme court is the ultimate authority on the law of that state and federal habeas court is not permitted to

**6.** Again we express doubt as to whether appellant could establish prejudice as required under *Washington*, 104 S.Ct. 2052. Appellant was afforded the opportunity at resentencing to proffer any mitigating evidence he desired, and thus any alleged errors at the initial sentencing phase could have been cured at resentencing. Moreover, we agree with the district court that the aggravating circumstances in this case clearly outweighed the mitigating circumstances, including those mitigating circumstances not presented to the jury.

**7.** The district court concluded that this instruction was incorrect, but that it had no effect on the jury's decision and was therefore harmless error. As stated, however, we are not convinced that this instruction was improper. In deciding otherwise, the district court relied on language contained in *Smith v. State*, 407 So.2d 894, 901 (Fla.1981), *cert. denied*, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982):

> [T]he decision of whether a particular mitigating circumstance in sentencing is proven and the weight to be given it rest with the judge and jury. [citing *Lucas v. State*, 376 So.2d 1149 (Fla.1979)].

We do not agree that this language mandates a standard different from that contained in the challenged instruction. We agree, of course, that it is up to the judge and jury to decide whether a mitigating circumstance exists, but this says nothing of the standard which should be utilized in reaching that decision. In light of the Florida Supreme Court's apparent approval of this instruction, we refuse to fault appellant's counsel for not objecting to the charge. Had we found, however, that the instruction was incorrect, we are inclined to agree with the district court that the error had no effect upon the jury's recommendation. *See Washington*, 104 S.Ct. at 2067.

question its interpretation of state statutes).

Appellant next argues that counsel was ineffective in not objecting to the court's instruction regarding two aggravating circumstances that arguably overlap each other—murder in the course of a robbery, and murder committed for pecuniary gain. It was not until a year later, however, that the Florida Supreme Court first condemned the "doubling up" of these overlapping aggravating circumstances. *See Provence v. State*, 337 So.2d 783 (Fla. 1976), *cert. denied*, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977); *see also Clark v. State*, 379 So.2d 97, 104 (Fla.1979), *cert. denied*, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981) (recognizing *Provence* as the first case to deal with this issue). The failure of counsel to anticipate that an otherwise valid jury instruction would later be deemed improper by the state judiciary does not constitute ineffective assistance of counsel. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). Moreover, any prejudice which allegedly resulted from counsel's failure to object was subsequently cured by the trial court at resentencing when the court did merge these two aggravating circumstances.[8]

Appellant next contends that counsel was ineffective for not requesting an explanatory instruction regarding the mitigating factor of "no significant history of prior criminal activity" or the aggravating factor regarding the "heinous, atrocious and cruel" nature of the felony. *See Fla.*

*Stat.* §§ 921.141(6)(a) and (5)(h). We find this argument to be without merit. The trial court instructed the jury in accordance with Florida's capital sentencing statute. That statute does not require explanatory instructions. Moreover, instructions tracking that statute have been held constitutional on numerous occasions. *See, e.g., Alvord*, 725 F.2d at 1299. Accordingly, counsel was not ineffective for not objecting to these instructions.

Finally, Funchess argues that counsel was ineffective for not objecting to instructions which Funchess contends precluded the jury's consideration of non-statutory mitigating circumstances. This argument is groundless. The trial judge correctly instructed the jury that in regard to aggravating circumstances, they should "consider *only* the following: ... [whereupon the eight statutory aggravating circumstances were read]." R.Vol. 5 at 520 (emphasis added). The jurors were then instructed that as to mitigating circumstances, "you shall consider the following: ... [whereupon the seven statutory mitigating circumstances were read]." *Id.* at 521. We reject appellant's argument that the "strikingly similar language" used in presenting the aggravating and mitigating factors misled the jury into believing that they could consider only the enumerated mitigating circumstances. *See Alvord*, 725 F.2d at 1299; *Ford*, 696 F.2d at 811–812. We find nothing in the instruction which would have precluded the jury from considering non-statutory mitigating circumstances. Consequently, counsel was not ineffective for not objecting to these instructions.

---

**8.** In regard to the merger of aggravating circumstances, the trial judge found as follows:

(d) The capital felonies of murder were committed by the Defendant while he was engaged in the commission of robbery.

At his sentencing hearing, the Defendant admitted to the court that he had gone to the Avondale Lounge on December 16, 1974, to rob the place and, further, that he did rob the place on that day.

The court, therefore, finds that this circumstance of the case *is* an aggravating circumstance.

(f) Although the capital felonies of murder were committed by the Defendant for pecuniary gain, the court finds that this circumstance of the case should be merged with the circumstance contained in subparagraph (d) above, inasmuch as in all robbery-murders, both subsections refer to the same aspect of a Defendant's crime.

The court, therefore, finds that this circumstance of the case *is not* an aggravating circumstance.

R. Vol. 7 at 57–58 (emphasis in original).

### D. *Duplicitous Aggravating Circumstances*

▮ Appellant next argues that trial counsel was ineffective at resentencing in not objecting to the trial judge's application of the following aggravating factors to the same aspect of the alleged crime: murder in the course of a robbery, and murder to avoid arrest and prosecution. *See* Fla.Stat. §§ 921.141(5)(d) and (e). We find, however, as did the district court, that where the facts will support such, it is not improper to apply more than one aggravating circumstance to a single aspect of a crime.

▮ The application of these two aggravating circumstances is quite different from the improper doubling of the aggravating circumstances discussed earlier: murder in the course of a robbery and murder committed for pecuniary gain. When the focus is placed upon the accused's motive, it becomes quite clear that the latter two aggravating circumstances overlap; the motive of robbery *is* pecuniary gain. On the other hand, murder in the course of a robbery and murder to avoid arrest do not overlap in this same sense. Robbery and escape clearly constitute separate motives for murder, and one does not necessarily include the other. We are of the opinion that the facts support the finding of these two aggravating circumstances. Accordingly, counsel was not ineffective for not objecting on these grounds.[9]

## IV. RESENTENCING: LACK OF JURY ADVISORY OPINION

Funchess argues that the trial court erred in resentencing him without the benefit of a second advisory opinion by the jury. We disagree.

In *Proffitt v. Wainwright,* 756 F.2d 1500 (11th Cir.1985), the appellant argued, as does Funchess, that "the sentencing proceeding is so central to Florida's capital sentencing scheme that [a defendant] cannot be resentenced by the judge alone." *Id.* at 1503. In dismissing this argument, we reasoned as follows:

> There is merit to [appellant's] observation that the Florida death penalty statute requires great deference to the jury's advisory opinion in sentencing, [citations omitted].... It does not follow, however, that the trial judge's deference is necessarily diminished simply because he finds himself considering the jury's recommendation after appeal and remand. Indeed, ... it is clear that a defendant is not constitutionally entitled to have a jury consider the penalty in the first instance. [*See Spaziano v. Florida,* — U.S. —, 104 S.Ct. 3154, 3161, 82 L.Ed.2d 340 (1984)].

*Id.*

In *Proffitt,* we concluded that because the appellant had already had the benefit of one advisory jury opinion regarding sentence, and because that proceeding was free from serious error, there was no justification for requiring a second proceeding.

We are of the opinion that *Proffitt* is on point with the instant case and is therefore controlling. The question remains, however, as to whether the initial sentencing proceeding was "free of serious error" such as to justify the trial judge's reliance upon it in resentencing appellant. *See Proffitt,* 756 F.2d at 1503.

Funchess contends that the initial sentencing proceeding was constitutionally defective because the jury was erroneously

---

**9.** In ruling upon this precise issue, the Florida Supreme Court reasoned as follows:

> The second part of contention E, claiming a doubling by finding both the circumstances of commission in the course of robbery and to avoid arrest, stems from Funchess' claim that this is impermissible because the trial court theorized each aggravating circumstance on the same aspect of the crime. We find this argument to be totally without merit. The trial court can apply more than one aggravating circumstance to a single crime of murder which stems from a robbery as long as the facts support such an application as they did in this case.

*Funchess IV,* 449 So.2d at 1285. Deference must be given to the Florida courts' application of their own law, *Goode,* 104 S.Ct. at 382. And consequently we cannot fault counsel for failing to object to an issue which the Florida Supreme Court has since deemed meritless.

instructed that mitigating circumstances must be proved beyond a reasonable doubt. As previously stated, we find nothing to support this argument. The Florida Supreme Court has twice considered this argument and rejected it. *See Funchess IV,* 449 So.2d at 1285.

▋ Funchess also maintains that the initial advisory sentence cannot fairly be relied upon because new evidence in mitigation had since become available. We reject this argument. At the resentencing proceeding, appellant was permitted to present mitigating evidence which had not been presented at the initial sentencing proceeding. Consequently, the trial judge had the benefit of this new evidence; hence it was a factor, along with the initial advisory sentence, which was taken into consideration in reimposing the death sentence. Accordingly, we hold that appellant was not prejudiced by the initial sentencing jury being unable to consider evidence which apparently no one knew existed.

▋ In sum, Funchess had the benefit of an advisory jury opinion. Moreover, that initial proceeding was free from serious error. The trial court was therefore not required to seek a second jury advisory opinion before reimposing the death sentence.

## V. RESENTENCING: NON–STATUTORY MITIGATING CIRCUMSTANCES

Appellant contends that the trial court failed to consider non-statutory mitigating circumstances when it resentenced Fun-

chess, and that the Florida Supreme Court likewise ignored these factors in affirming that sentence. This argument is based on appellant's observation that the trial court entered findings of fact only with respect to statutory mitigating circumstances. According to appellant, the trial judge's failure to discuss any aspect of the non-statutory mitigating circumstances is absolute proof that the trial judge failed altogether to consider these factors. We disagree.

▋ During the second resentencing hearing, Funchess presented evidence relating to certain non-statutory mitigating circumstances.[10] The trial court considered this evidence but was obviously not persuaded that it justified the establishment of any non-statutory mitigating factors. Consequently, the trial judge did not include a detailed discussion regarding these alleged circumstances in his findings of fact.[11] This court has on previous occasions held that "[t]he fact that the sentencing order does not refer to the specific types of non-statutory 'mitigating' evidence petitioner introduced indicates only the trial court's finding the evidence was not mitigating, not that such evidence was not considered." *Raulerson v. Wainwright,* 732 F.2d 803, 807 n. 3 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984) (quoting *Dobbert,* 718 F.2d at 1524 (11th Cir.1983)); *see also Palmes v. Wainwright,* 725 F.2d 1511, 1523 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). Accordingly, appellant's argument on this matter is without merit.

---

**10.** The evidence presented at resentencing relating to non-statutory mitigating factors tended to show that Funchess was a victim of childhood abuse and economic hardship; that he labored under a heavy but allegedly "medicinal" use of heroin as a result of injuries sustained in Vietnam; and that Funchess admitted guilt but expressed remorse.

**11.** The following language in the trial judge's Findings of Fact convinces this court that the trial judge considered all the evidence offered by petitioner:

Upon consideration of the evidence presented at the Defendant's trial, the advisory sen-

tencing jury and the evidence presented at the sentencing hearing, and after weighing the foregoing aggravating and mitigating circumstances, this Court finds that sufficient aggravating circumstances exist as enumerated in subsection (5) of Section 921.141, Florida Statutes, and this Court further finds that there are insufficient mitigating circumstances to outweigh the aggravating circumstances.

It is, therefore, the reasoned judgment of and the finding by this Court that the circumstances and the facts of this case justify sentences of death for the Defendant.

R.Vol. 7 at 59–60.

■ We also find that the Supreme Court of Florida did not ignore, as appellant contends, the non-statutory mitigating circumstances.[12] As with the trial court, the mere fact that an elaborate discussion of these factors was not undertaken is no indication that they were ignored. In the absence of some affirmative indication to the contrary, we assume all courts base rulings upon a review of the entire record.

## VI. RESENTENCING: STATUTORY MITIGATING CIRCUMSTANCES

■ Appellant contends that the trial court and the Supreme Court of Florida violated his constitutional rights by refusing to recognize in his case the statutory mitigating factor that he had no significant history of prior criminal activity. Funchess argues that because he has not been *convicted* of any violent crimes or serious property crimes and had admitted serious crimes only in connection with the instant case, the trial court and the Florida Supreme Court should have found that the aforementioned mitigating circumstance

existed. The applicable statute, however, Fla.Stat. § 921.141(6)(a), does not limit the sentencer's consideration to evidence of prior convictions; rather, a court may consider *any* criminal activity in deciding whether the circumstance exists. *See Washington v. State*, 362 So.2d 658, 666–67 (Fla. 1978), *cert. denied*, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979). The trial court properly considered Funchess' history in light of the statutory construction set forth in *Washington* and concluded that this mitigating circumstance did not exist.[13] The Florida Supreme Court and the district court agreed. So do we. In any event, appellant is not entitled to federal habeas relief where, as here, he is challenging the trial court's and the Florida Supreme Court's accepted construction of the Florida death penalty statute. Appellant's argument is thus reduced to a challenge to the trial court's factual conclusions. Because that conclusion is adequately supported by the record, it will not be overturned. *See Goode*, 104 S.Ct. at 382.

12. In affirming the trial court's decision at the resentencing proceeding, the Florida Supreme Court stated:

The only proper question now presented is whether there is substantial competent evidence to support the express findings of the trial judge that sentences of death are appropriate for Funchess. We are satisfied from our review of the evidence presented at the resentencing procedure, and from the record of the original sentencing proceeding: first, that the trial judge properly performed his weighing function with respect to the one new mitigating circumstance developed at the resentencing proceeding and the aggravating factors which had been established at the original proceeding (all but one of which were unchallenged on remand); and second, that there was substantial and competent evidence to support the findings of the trial judge with respect to the aggravating and mitigating circumstances articulated in his resentencing order.

*Funchess III*, 399 So.2d at 356–57.

13. In regard to appellant's criminal history, the trial court made the following findings:

(a) The Defendant, David Livingston Funchess, has a significant history of prior criminal activity. The record reflects as follows:

(1) On June 27, 1970, the Defendant was charged with Grand Larceny, plead guilty to

Petit Larceny and was sentenced to six months in jail.

(2) On September 19, 1973, Defendant was charged with a Breach of the Peace and fined $50.00, with sentence suspended.

(3) On February 14, 1974, the Defendant was fined $50.00 for Loitering.

(4) On March 14, 1974, the Defendant was charged with Breaking and Entering. The charge was dismissed on March 22, 1974.

(5) On April 29, 1974, Defendant was arrested for Public Intoxication and Obstructing Traffic and was fined $26.00 on both charges.

(6) On August 20, 1974, Defendant was arrested on a charge of Trespass After Warning. The charge was dismissed.

(7) On July 3, 1979, Defendant admitted to this court that he stole money from Avondale Lounge in the approximate amount of eight hundred dollars; that he was fired because of the theft and that his employer was justified in firing him for that reason.

(8) On July 3, 1979, Defendant told this court that he went to the Avondale Lounge in December, 1974, to rob it.

(9) On July 3, 1979, Defendant admitted using heroin and marijuana.

The court finds that this circumstance of the case *is not* a mitigating circumstance.

R.Vol. 7 at 54–55 (emphasis in original).

■ In addition, we do not find, as appellant urges, that the Florida Supreme Court failed to apply its established construction of this mitigating circumstance, or that it applied that construction arbitrarily or inconsistently. Funchess' argument on these issues is therefore rejected.

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Funchess claims that his appellate counsel failed to raise and brief several meritorious issues on direct appeal and that he was therefore denied his constitutional right to a full and meaningful direct appeal and to the effective assistance of appellate counsel. In order to prevail on this issue, appellant must prove that he did not receive reasonably effective representation. *Alvord,* 725 F.2d at 1291; *Mylar v. Alabama,* 671 F.2d 1299, 1300 (11th Cir.1982), *cert. denied,* 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983). This court has on other occasions stated that the best way to evaluate this issue is to examine the alleged trial errors to see if they contain sufficient merit to justify faulting appellate counsel for not having raised them. *Alvord,* 725 F.2d at 1291.

In support of his ineffectiveness claim, Funchess sets forth five issues which he contends should have been raised on direct appeal:

A. The trial court erroneously instructed the jury that the aggravating and mitigating circumstances must be proven beyond a reasonable doubt.

B. The trial court erroneously instructed the jury that death is presumed to be the proper sentence unless it or they (aggravating circumstances) are overridden by one or more of the mitigating circumstances.

C. The trial court failed to define the "no significant history of prior criminal activity" mitigating circumstance.

D. The trial court failed to limit the jury's consideration of [whether capital felony was] "especially heinous, atrocious or cruel."

E. The trial court erred in allowing the jury to consider duplicitous aggravating circumstances, including murder during the course of robbery and pecuniary gain, and murder during the course of robbery and avoiding arrest.

Brief for Appellant at 28–34.

■ We have already addressed issues A, C, D and E, and have found them to be unpersuasive or without merit. Because "counsel need not brief issues reasonably considered to be without merit," *Alvord,* 725 F.2d at 1291, we hold, as did the district court, that Funchess was not deprived of reasonably effective assistance of counsel on appeal in this respect. In reaching this conclusion, we are further influenced by the well-settled principle that reasonably effective assistance does not necessarily imply perfect assistance. *See Mylar,* 671 F.2d at 1300.

■ In claim B, appellant contends that his appellate counsel failed to appeal the trial court's erroneous instruction to the effect that death is presumed to be the proper sentence unless the aggravating circumstances are overridden by one or more of the mitigating factors. Although this issue was not raised or briefed on the first direct appeal to the Florida Supreme Court, claim B was fully briefed on the second appeal following the trial court's reimposition of the death sentence. The Florida Supreme Court rejected claim B as meritless. *Funchess III,* 399 So.2d at 356. Because the claim was subsequently raised, briefed, considered and rejected, Funchess is unable to show that he was prejudiced by counsel's previous inaction. *See Washington,* 104 S.Ct. at 2064. Moreover, what we held in regard to the previous claims applies with equal force here: counsel is not to be faulted for failing to raise issues reasonably considered to be without merit. *Alvord,* 725 F.2d at 1291. We thus conclude that Funchess was not denied effective assistance of counsel on direct appeal.

## VIII. CONCLUSION

Having reviewed appellant's claims, we conclude that the district court did not err

in denying appellant's petition for habeas corpus relief.[14] The decision of the district court is, therefore,

AFFIRMED.

RONEY, Circuit Judge, specially concurring:

I concur in the judgment that the district court's denial of habeas corpus should be affirmed, and in Judge Fay's opinion, except as to Part III, C, Jury Instructions. At the first sentencing, the trial court instructed the jury that "mitigating circumstances must be proved beyond a reasonable doubt." The district court held and the state concedes that the existence of mitigating circumstances need not be proven beyond a reasonable doubt, relying on *Smith v. State*, 407 So.2d 894 (Fla.1981). Admitting counsel's error in not objecting to the instruction, however, the district court properly held, in my opinion, that the alleged error had no effect on the judgment. *See Strickland v. Washington,* — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). I would affirm the district court's handling of this issue on the basis of its opinion:

> After a careful review of the record, the Court is of the opinion that counsel's failure to object to this instruction was not prejudicial because the court on resentencing considered the entire record. At resentencing, the court found a mitigating circumstance which the sentencing court had not previously determined to exist, and weighed the aggravating and mitigating circumstances anew. *See* Resentencing Proceeding at 157–67. Thus, counsel's failure to object to this instruction during the penalty proceedings was cured at petitioner's resentencing proceedings. In addition, because counsel's argument during the penalty phase was primarily legal, rather than factual, it was unnecessary for the jury to apply the 'beyond a reasonable doubt standard' to any mitigating circumstanc-

es which required an assessment of historical fact. Counsel's failure to object therefore amounts to harmless error.

'Rather than taking isolated instances out of context,' *Corn v. Zant,* 708 F.2d 549, 561 (11th Cir.1983), this Court has examined the totality of the circumstances to determine that trial counsel afforded petitioner effective assistance. Even if counsel's actions were deficient, they were not so serious as to deprive petitioner of a fair trial. *Strickland v. Washington,* 104 S.Ct. at 2064. Petitioner's claim of ineffective counsel during the penalty proceeding is therefore without merit.

JOHNSON, Circuit Judge, dissenting:

The petitioner in this case, David Livingston Funchess, was denied effective assistance of counsel both at sentencing and on appeal when his attorney failed to challenge a jury instruction that placed on him the burden of proving mitigating circumstances beyond a reasonable doubt. Furthermore, his resentencing by the trial judge without the benefit of an advisory jury, under the circumstances of this case, amounted to an arbitrary and unconstitutional imposition of the death sentence. I would therefore reverse the district court's judgment.

## I. Ineffective Assistance of Counsel

The majority states the proper legal standard for resolving this claim. I cannot agree, however, with the majority's application of either of the two prongs of the analysis described in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In my judgment, trial counsel's failure to object to the jury instruction placing on the defendant the burden of proving mitigating circumstances beyond a reasonable doubt was unreasonable and deficient performance on his part and not within the range of competence demanded of attorneys in criminal cases according to prevailing professional norms.

---

**14.** In reaching this conclusion, we note that we have reviewed appellant's claims in light of their individual and cumulative effect. We reject

Funchess' claim that the cumulative effect of the alleged errors amount to fundamental error.

If counsel had not performed deficiently in this regard, there is a reasonable probability that the proper balance of aggravating and mitigating circumstances would not have resulted in the death penalty verdict.

### A. Deficient Performance

#### 1. Impropriety of the Instruction

The trial court instructed the jury that Funchess would have to prove mitigating circumstances beyond a reasonable doubt before it could weigh them against the aggravating circumstances. The majority states that it "is not altogether clear" that this instruction is improper because no authority directly supports or negates the charge. Then after a review of the various pronouncements of the Florida Supreme Court regarding Funchess' claim, the majority finds that the state court has approved the challenged instruction and, "in the absence of a constitutional challenge to the instruction," defers to that "interpretation of [the] death penalty statute."

The claim asserted by Funchess does not implicate state law alone. He challenges the effectiveness of trial counsel for failure to object to the jury instruction and at no time does he concede that state law provided the only possible basis for an objection. Where counsel fails to object to a jury instruction that violates the United States Constitution even though it is consistent with Florida law as interpreted by the Florida Supreme Court, that failure may be inadequate as a matter of federal law, regardless of the binding interpretation of the statute announced by the state court.

Such is the case here. The instruction requiring Funchess to prove mitigating circumstances beyond a reasonable doubt before they could be weighed against aggravating circumstances shifted the burden of proof onto Funchess and unduly restricted the discretion of the judge and jury in violation of the Eighth Amendment.

When it comes to the elements of an offense, jury instructions must leave no doubt that the State always retains the burden of proof and that the elements must be proven beyond a reasonable doubt. *Francis v. Franklin,* — U.S. —, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Of course, the same burdens of proof do not always apply to elements of a crime and the mitigating and aggravating circumstances considered during the sentencing phase of a capital trial. The State need not as a matter of federal law prove beyond all reasonable doubt that aggravating circumstances are sufficient and that they outweigh mitigating circumstances. *Foster v. Strickland,* 707 F.2d 1339, 1345 (11th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984); *Ford v. Strickland,* 696 F.2d 804, 817–19 (11th Cir.) (en banc), *cert. denied,* — U.S. —, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983).

Yet this is not to say that the State may allocate the burden of proof at sentencing in whatever way it chooses. An instruction forcing the defendant to prove beyond a reasonable doubt the existence of mitigating factors violates the Eighth Amendment because it restricts the jury's ability to "consider" all relevant mitigating evidence, *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Eddings v. Oklahoma,* 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). The instruction commands the jury to give no weight to mitigating evidence until the presence of the mitigating factor is proven beyond a reasonable doubt, even though a reasonable jury might in some cases rely on mitigating factors which, although not established beyond a reasonable doubt, nevertheless indicate to the jury that death is not the appropriate sentence. *Lockett* protects the individualized nature of sentencing by safeguarding the ability of the jury to consider as a mitigating factor any "aspect of a defendant's character or record and any of the circumstances of the offense *that the defendant proffers* as a basis for a sentence less than death." 438 U.S. at 604, 98 S.Ct. at 2964 (emphasis supplied). The operative fact is the proffer of the evidence and not its strength. The instruction in

question therefore violated the Eighth Amendment's requirement of individualized sentencing.[1]

The instruction also violates Florida law as it is now interpreted. The inaugural interpretation of the statute by the Florida Supreme Court in *State v. Dixon,* 283 So.2d 1 (Fla.1973), established that the State had to prove the existence of aggravating factors beyond a reasonable doubt; the *Dixon* court did not impose a corresponding requirement on the defendant to prove mitigating circumstances beyond a reasonable doubt. Since that time Florida courts have held, consistent with the requirements of federal law, that mitigating evidence may lead a jury to recommend a life sentence even where the evidence does not prove beyond a reasonable doubt that the mitigating factor existed. *Smith v. State,* 407 So.2d 894, 901 (Fla.1981) (decision of whether mitigating circumstances exist and weight to be given evidence is within province of judge and jury).

The ruling of the Florida Supreme Court in this case was not necessarily addressed to the propriety of the instruction: it held simply that defense counsel was not ineffective for failing to object to this instruction or to challenge it on appeal. That ruling could have been based on a lack of prejudice or the unsettled nature of the law at that time. If the Florida Supreme Court had indeed determined that this instruction was consistent with state law, it is difficult to understand why the State has conceded before this Court that the instruction was incorrect as a matter of state law.

2. Anticipating Unsettled Law

The failure to object to improper instructions will not automatically mean that representation at sentencing or on appeal is deficient, particularly where the improprie-

ty of the instruction is not completely settled at the time. Nevertheless, some developments in the law should be anticipated by reasonably competent counsel. If for no other reason, counsel must anticipate legal developments because a failure to raise an objection or an issue on appeal can result in procedural default even when the legal merits of the objection are uncertain. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Of course, as the Supreme Court stated in *Engle,* competent counsel need not anticipate every decision that could be lost through procedural default. Otherwise, a defendant could always avoid the cause-and-prejudice standard in this setting simply by reframing the claim in terms of ineffective assistance. 456 U.S. 132–34, 102 S.Ct. 1574–75. A new development in the law might be both novel enough to justify counsel's failure to raise an objection or challenge on appeal and foreseeable enough to sustain a procedural bar under *Engle v. Isaac. See Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983) (failure to advance certain errors on appeal later gaining judicial recognition did not constitute ineffective assistance where law concerning capital sentencing was in state of reformation); *Alvord v. Wainwright,* 725 F.2d 1282, 1291–93 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984) (counsel on appeal not ineffective for failure to challenge admissibility of testimony because (1) testimony might have been admissible, (2) counsel need not anticipate all new developments, and (3) another circuit had held that failure to anticipate case excluding similar testimony did not constitute ineffective assistance).

Turning to this case, it appears that the legal basis for challenging this instruction

---

**1.** In addition, the instruction concerns a part of the sentencing proceeding most like the liability trial, where it is most appropriate to adopt the due process requirements of the liability trial. *See Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (due process aspects of Eighth Amendment require opportunity for rebuttal of evidence by defendant). The *exist-*

*ence* of mitigating circumstances is a fact that is susceptible to standards of proof, unlike the relative *weight* to be assigned to aggravating and mitigating factors. *Cf. Ford v. Strickland,* 696 F.2d 804, 817–19 (11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983).

existed at the time of trial and appeal in a form sufficient to conclude that defense counsel was unreasonable in his failure to object or appeal. Particularly under state law, there was reason to question the propriety of the instruction. It had long been established that the prosecution had to prove all aggravating circumstances beyond a reasonable doubt. *State v. Dixon*, 283 So.2d 1 (Fla.1973), *cert. denied*, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). The cases did not imply in any way that mitigating circumstances had to be proven beyond a reasonable doubt; they suggested that mitigating evidence of different strengths could all influence a jury's recommendation. 283 So.2d at 9. Under federal law, the burden of proof applicable to elements of an offense, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), should have prompted counsel to object to this instruction, particularly in light of the analogies that could have been drawn at the time between the capital sentencing determination and a guilt-innocence trial. *See Furman v. Georgia*, 408 U.S. 238, 247–49, 313, 92 S.Ct. 2726, 2730–2731, 2764, 33 L.Ed.2d 346 (1972) (Douglas, White, JJ., concurring) (capital sentencer may not exercise untrammeled discretion). In short, it cannot be considered reasonable representation under prevailing professional norms to conclude from the statute and existing state and federal case law that mitigating circumstances had to be proven beyond a reasonable doubt. Hence, defense counsel's failure to object was deficient.

### B. Prejudice

The district court assumed that defense counsel was deficient in his failure to object on this ground but found that Funchess suffered no prejudice. It based this finding on the fact that (1) counsel's argument at the penalty phase was "primarily legal rather than factual" and (2) the resentencing court reweighed all the mitigating and aggravating circumstances and thereby cured any error infecting the jury recommendation. Neither of these two factors lessens the prejudice suffered by Funchess.

The first argument, suggesting that a defense based purely on legal considerations does not rely to a significant degree on mitigating factors, does not apply here. Defense counsel stressed the possibility that Funchess might be innocent and suggested that it would be improper to impose the death penalty where there remained a "possible doubt" or "whimsical doubt" of guilt. He reinforced that position with evidence that Funchess had never been convicted of a violent crime. These contentions presented questions for the jury and were not strictly legal questions; an assessment of mitigating factors was critical to Funchess' defense.

Indeed, to the extent that the "whimsical doubt" defense did stress the legal standards guiding the jury's factfinding task, the instruction that mitigating factors had to be proven beyond a reasonable doubt all but foreclosed any chance that the defense would succeed. Where the primary mitigating factor is the lingering possibility of innocence, forcing the defendant to establish that fact beyond a reasonable doubt is roughly comparable to requiring that he establish a reasonable doubt regarding guilt, a task that the defendant has already failed to accomplish. A confusion of the burden of proof in sentencing deliberations is most prejudicial when the chosen defense itself depends so heavily on the burden of proof.

The second argument, the curative influence of resentencing, cannot be accepted either. The advisory jury in a Florida capital case is free to weigh the evidence differently than the trial court would. The court may override a recommendation of mercy only if "the facts suggesting a sentence of death [are] so clear and convincing that virtually no reasonable person could differ." *Tedder v. State*, 322 So.2d 908, 910 (Fla.1975). Hence, if there is a reasonable probability that the jury could have reached a recommendation of mercy that would have been carried out by the trial court, it does not matter that another factfinder, the resentencing court, weighed the factors in another way. *See Adams v. Wainwright*, 764 F.2d 1356, 1364–65 (1985).

It seems clear that the instruction prejudiced Funchess' chances of obtaining a recommendation of life from the jury because his defense depended so heavily upon the proper standard of proof. Hence, he has shown that his counsel performed inadequately and that the constitutionally inadequate performance created a reasonable probability that the jury would have weighed mitigating and aggravating circumstances differently if counsel had performed adequately by insisting on proper instructions regarding the burden of proof. The district court should be reversed on this ground.

II. Resentencing without Advisory Jury

Pursuant to the dictates of *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the Florida Supreme Court ordered the trial judge in Funchess' case to resentence the defendant "without the necessity of an advisory jury," but with directions to provide counsel for all parties an opportunity to explain, contradict, and argue regarding the relevance of the confidential information relied upon by the court during the first sentencing, as well as other matters properly considered by the trial court during the original sentencing. 367 So.2d 1007. On remand, the trial court received new mitigating evidence and reweighed the aggravating and mitigating circumstances in the case after reviewing the original jury recommendation.

Funchess asserts that the resentencing trial should not have given any weight to the findings of the original jury because its recommendation was tainted by the erroneous jury instructions. Under *Proffitt v. Wainwright*, 756 F.2d 1500 (11th Cir.1985), resentencing may take place without the benefit of a new jury recommendation only when the original proceeding was free from "serious error."[2] *See also Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (vacating death sentence based on unrebutted pre-sentence report, stressing need for reliable information in capital sentencing). For reasons already discussed, the fact that the defendant was required to prove the existence of mitigating factors beyond a reasonable doubt was a serious error that infected the original proceeding; it should have prevented the trial court from relying on that recommendation at resentencing. This claim therefore provides an additional basis for granting habeas corpus relief, wholly apart from the question of whether counsel at the time was deficient in failing to anticipate legal developments.

Because this death sentence was imposed in a manner inconsistent with the Sixth and Eighth Amendments, I would reverse the district court's judgment.

---

**2.** Funchess also challenges the power of the resentencing judge to hear new evidence of mitigating and aggravating circumstances without the benefit of an advisory jury. *Proffitt* did not address this problem, for the resentencing judge in that case considered no new evidence. Since there was a "serious error" affecting the original jury deliberations in this case, there is no need to resolve the question of whether (or to what extent) a judge on resentencing can hear new evidence.