[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15931
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cv-02874-RDP-TMP

WILLIE LEON BANKS,

Petitioner - Appellant,

versus

WARDEN,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 12, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Banks, a *pro se* Alabama state prisoner, appeals the district court's denial of his habeas petition. *See* 28 U.S.C. § 2254. The district court granted Mr. Banks a certificate of appealability as to "whether he received ineffective assistance of trial counsel when counsel failed to discover and marshal evidence indicating that [he] was incarcerated during the time the victim testified she was raped by him, even though [Mr. Banks] never advised trial counsel that he was incarcerated." *See* D.E. 23 at 1.

Mr. Banks argues on appeal that a reasonable investigation would have uncovered that he could not have committed the rape because he was incarcerated in a secure state prison. We affirm the district court's denial of § 2254 relief.

Mr. Banks was convicted of rape in the first degree on April 25, 2007, following a jury trial, and the trial court sentenced him as a habitual offender to life in prison without possibility of parole. At trial and at sentencing, he was represented by attorney Tessie Clements. Mr. Banks appealed his conviction, asserting that the trial court had erred in denying his motion for acquittal based upon insufficiency of the evidence. The Alabama Court of Criminal Appeals affirmed, and the Alabama Supreme Court denied his petition for certiorari.

In 2009, Mr. Banks filed a petition pursuant to Alabama Rule of Criminal Procedure 32, claiming that Ms. Clements rendered ineffective assistance for failing to conduct a proper investigation that would have led to evidence that he

was incarcerated at the time of the alleged rape. The trial court appointed counsel for Mr. Banks, and held several hearings on the petition. The trial court denied the petition, emphasizing that Mr. Banks never told counsel that he was in custody at the time that the victim testified she was raped.  The Alabama Court of Appeals affirmed the denial of the Rule 32 petition, and the Alabama Supreme Court declined review.

On August 31, 2012, Mr. Banks filed the instant *pro se* § 2254 petition. The district court denied Mr. Banks' petition, agreeing with the unwillingness of the state court to impose an independent duty to research Mr. Banks' prior incarceration history. The district court also ruled that "even if that duty existed, [Mr. Banks] failed to demonstrate prejudice because he . . . failed to show that his 'custody' was more confining than a type of work release, which still left him with sufficient freedom to commit the rape." D.E. 11 at 7.

Federal courts cannot grant habeas relief unless the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as defined by Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). We review the district court's decision *de novo*, but "owe deference to the final state habeas judgment." *See Hall v. Thomas*, 611 F.3d 1259, 1284 (11th Cir. 2010).

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show both (1) that his "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* The *Strickland* analysis is not applied *de novo*, "but rather through the additional prism of AEDPA deference." *See Lawrence v Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 477 (11th Cir. 2012).

Mr. Banks has not demonstrated that his trial counsel performed deficiently in failing to discover evidence that would establish that he was incarcerated in spring of 2001, the time at which the victim testified the rape occurred. Under a *Strickland* analysis, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, "[d]efense counsel are allowed a considerable breadth to choose their trial strategies." *Fleming v. Kemp*, 748 F.2d 1435, 1451 (11th Cir. 1984).

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based . . . on information supplied by the defendant." *Strickland*, 466 U.S. at 691. Here, Mr. Banks did not tell Ms. Clements that he was incarcerated during the time of the attack; rather, he told her that he was on a work release program or

in a halfway house or group home. *See, e.g., Holladay v. Haley*, 209 F.3d 1243, 1251-52 (11th Cir. 2000) ("Counsel have a duty to investigate but this duty is confined to reasonable investigation); *Funchess v. Wainwright*, 772 F.2d 683, 689-90 (11th Cir. 1985) (finding counsel was not ineffective for failing to investigate a defendant's prior mental health difficulties because he never told counsel of any problems and the competency evaluation did not indicate that any problems existed).

Additionally, Ms. Clements would not have known prior to trial that the victim would specifically testify that she was raped in the spring of 2001, because the victim had previously given conflicting dates as to the date of the attack. In light of this conflicting information, Ms. Clements testified in the Rule 32 hearings that she had decided to challenge the victim's credibility, rather than trying to establish Mr. Banks' whereabouts at the time of the attack. This decision was reasonable trial strategy. *See Strickland*, 466 U.S. at 689.

Even if we were to reach the prejudice prong of *Strickland*, Mr. Banks cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The evidence presented at the Rule 32 hearing indicates that even if Ms. Clements had investigated, she would have discovered that Mr. Banks was in a halfway house or work release program and, therefore, could have had sufficient

ability to rape the victim. Given this information and the fact that the victim testified that Mr. Banks raped her, there is no reasonable probability that, but for Ms. Clements' actions, the result would have been different. Mr. Banks therefore cannot demonstrate prejudice.

In sum, the state court's decision was not an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, we affirm the district court's denial of § 2254 relief.

**AFFIRMED.**